STATE OF NORTH CAROLINA v. ROBERT NORRIS TAYLOR

No. 7529SC354

(Filed 3 September 1975)

**Automobiles § 129— drunken driving — breathalyzer results — time of intoxication — instructions**

> In a prosecution for drunken driving, the court's instruction that the jury could infer that defendant was under the influence of an intoxicating beverage if it found a breathalyzer test indicated one-tenth of 1% or more by weight of alcohol in his blood did not allow the jury to determine defendant's guilt or innocence based upon his condition at the time the breathalyzer test was administered rather than at the time he was operating his automobile on the highway where the court's further instructions made it clear that the jury was to determine defendant's condition with respect to intoxication at the time he drove his vehicle on the public highways.

APPEAL by defendant from *Friday, Judge.* Judgment entered 16 January 1975 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 28 August 1975.

Defendant was tried on a warrant charging him with operating a motor vehicle on a public highway while under the influence of intoxicating liquor. He was found guilty in district court and appealed to superior court where he pled not guilty and was found guilty by a jury. From judgment imposing prison sentence, suspended on certain conditions, he appealed to the Court of Appeals.

*Attorney General Edmisten, by Assistant Attorneys General William B. Ray and William W. Melvin, for the State.*

*Hamrick and Hamrick, by J. Nat Hamrick, for defendant appellant.*

BRITT, Judge.

The sole assignment of error brought forward and argued in defendant's brief relates to the following instruction to the jury:

> "Now, there's evidence in this case which tends to show that a chemical test known as the breathalyzer was given to this defendant. If you should find from the evidence and beyond a reasonable doubt that the chemical test indicated one-tenth of 1% or more by weight of alcohol in his blood,

you may infer from his evidence that the defendant was under the influence of intoxicating beverage, however, you are not compelled to do so. . . . "

Defendant contends the instruction was erroneous in that it enabled the jury to make a determination of defendant's guilt or innocence based upon his condition at the time the breathalyzer test was administered rather than at the time he was operating his automobile on the highway (approximately one hour earlier). We find no merit in the assignment in view of the following instruction given immediately after the challenged instruction:

" . . . It is your duty to consider this evidence together with all other evidence in this case in determining whether the State has proven beyond a reasonable doubt that the defendant was under the influence of intoxicating beverage *at the time he drove his vehicle on the public highways of this State,* if you find beyond a reasonable doubt that he did drive a vehicle on the public highways of this State. . . . " (Emphasis added.)

When the instructions are considered contextually, we think the court made it clear that the jury was to determine defendant's condition with respect to intoxication "at the time he drove his vehicle on the public highways of this State."

We hold that defendant received a fair trial, free from prejudicial error.

No error.

Judges HEDRICK and MARTIN concur.